# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERIN NICOLE WOOD,**

> **Plaintiff,**

**v.**                                                    **Case No:   6:12-cv-1883-Orl-22GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

> **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 27)** |
| **FILED:** | **March 10, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND.

On December 14, 2012, Plaintiff and Richard A. Culbertson, Esq. ("Counsel"), entered

into a contingency fee agreement (the "Agreement") whereby Plaintiff agreed to pay Counsel a

fee of twenty-five percent (25%) of the total amount of past-due benefits ultimately awarded.

Doc. No. 27-1.   On January 14, 2014, judgment was entered reversing and remanding this case to

the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to

sentence four of 42 U.S.C. § 405(g).   Doc. No. 23.   On March 19, 2014, Plaintiff was awarded

attorney fees in the amount of $2,859.40 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA").   Doc. No. 26.

On February 21, 2016, the Commissioner sent Counsel a Notice of Award, indicating that she is withholding $6,188.75, which is twenty-five percent (25%) of Plaintiff's total award of past-due benefits, in anticipation of direct payment of an authorized attorneys' fee.   Doc. No. 27-2. On March 10, 2016, Counsel timely moved for an award of attorneys' fees (the "Motion"), pursuant to 42 U.S.C. § 406(b).   Doc. No. 27.   In the Motion, Counsel requests an order authorizing him to charge and collect $3,329.35 in attorney's fees from Plaintiff, pursuant to 42 U.S.C. § 406(b), which represents twenty-five percent (25%) of Plaintiff's past-due benefits ($6,188.75), minus $2,859.40 in EAJA fees.   *Id*. at 2.   The Motion is unopposed.   *Id*.

## II.   LAW.

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).   The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court.   *See Id*. at § 406(b)(2).   Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.   In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d

1273 (11th Cir. 2006), the Eleventh Circuit held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. at 1277.   Since Plaintiff was awarded past-due benefits following remand (Doc. No. 27-2), the Court may award attorney's fees under Section 406(b).

## III.   ANALYSIS.

### A.  Fee Awards under Section 406(b).

Counsel requests an award of $3,329.35 in attorney's fees, which is calculated as follows: $6,188.75, i.e., twenty-five percent (25%) of total past-due benefits awarded to Plaintiff, minus $2,859.40 in EAJA fees.   Doc. No. 24 at 2.   In *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010), the Eleventh Circuit held:

> Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.

*Id*. at 1274.   Therefore, the Court may award counsel a reasonable fee under Section 406(b) less the amount of the EAJA fee.   Such an award is commonly referred to as a "net" fee award.

### B.  Reasonableness of Contingent Fee.

To evaluate an attorney's Section 406(b) petition, the Court must determine whether the fee requested is reasonable.   *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002).   The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."   *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).   However, "[a] fee pursuant to a contingency contract is not per se reasonable."   *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989).   The contingency fee negotiated by the claimant and his or her counsel is not

reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981; *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieve. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id.* at 1365 (citations omitted). Courts in the Middle District of Florida have adopted this analysis. *E.g.*, *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Whitaker v. Comm'r of Soc. Sec.*, Case No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *2-3 (M.D. Fla. Oct. 23, 2008).

Counsel represents that he, his associate, and paralegal spent a total of 25.5 hours on Plaintiff's case before this Court. Doc. No. 27 at 2. In support, Counsel cites to Plaintiff's motion requesting EAJA fees (Doc. No. 24), wherein he represented that he, his associate and

paralegal spent a total of 25.5 hours on Plaintiff's case before this Court. *Id.* (citing Doc. No. 24 at 2).[1]   As a result of Counsel's work, Plaintiff was successful on her claim.   Doc. No. 27-2.   The Agreement demonstrates that Plaintiff agreed to pay attorneys' fees equal to twenty-five percent (25%) of the total of past-due benefits to which she was entitled.   Doc. No. 27-1.   In the Motion, Counsel requests an award of $3,329.35, which represents twenty-five percent (25%) of past-due benefits awarded less EAJA fees already paid to Counsel.   Doc. No. 27 at 2.[2]   After reviewing the results obtained, the Motion, the contingent fee agreement, and Counsel's time sheet, the undersigned finds that an award of $3,329.35 in attorneys' fees is reasonable.

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 27) be **GRANTED**; and

2. Counsel be authorized to charge and collect from Plaintiff the sum of $3,329.35 in § 406(b) fees.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[1] Counsel's representation concerning the time spent working on Plaintiff's case before this Court is also supported by a detailed time sheet attached to Plaintiff's motion requesting EAJA fees.   Doc. No. 24 at 13-15.

[2] The Motion does not indicate whether Counsel (or someone else) has applied for and/or been awarded fees for work performed before the Commissioner, pursuant to 42 U.S.C. 406(a).   *See* Doc. No. 27.   Instead, Counsel states: "According to the Notice of Award, a fee petition will have to be filed before the Commissioner can determine whether or not any fees are payable at the administrative level." *Id.* at 2.   In light of this statement, it appears Counsel (or whomever represented Plaintiff before the Commissioner) has not applied for an award of § 406(a) fees at the time the Motion was filed.   Thus, on this record, it appears no one has applied for and/or received any § 406(a) fees in relation to Plaintiff's case.   As such, this report and recommendation should not be construed as authorizing the collection of § 406(a) and § 406(b) fees in excess of twenty-five percent (25%) of Plaintiff's past-due benefits.   *See, e.g.*, *Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 674-75 (11th Cir. 2013) (per curiam) (affirming order that limited "the total amount of attorney's fees recoverable under 42 U.S.C. § 406(a), § 406(b), and the [EAJA]" to 25% of the claimant's past-due benefits) (citing *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)).

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R.

3-1.

      Recommended in Orlando, Florida on March 29, 2016.

                                    _____
                                      GREGORY J. KELLY
                               UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy